1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   SARA WINSLOW (DCBN 457643)
3  Chief, Civil Division

4  JULIE BIBB DAVIS (CABN 184957)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (415) 770-3857
7       FAX: (510) 637-3724
        Julie.davis@usdoj.gov
8
   Attorneys for Defendants
9
   [Additional counsel on signature page]
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, AMERICAN IMMIGRATION LAWYERS ASSOCIATION, and HUMAN RIGHTS WATCH, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendants. | CASE NO. C-20-cv-03266-DMR <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **Date: December 2, 2020** <br> **Judge: Hon. Donna M. Ryu** <br> **Time: 1:30 pm** <br> **Location: Remote** |

JOINT CASE MANAGEMENT STATEMENT
C-20-CV-03266 DMR

The parties to the above-entitled action submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California, Judge Ryu's Standing Orders, and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

Plaintiffs American Immigration Council, American Immigration Lawyers Association, and Human Rights Watch ("Plaintiffs") filed this action on May 13, 2020. Dkt. No. 1. Defendants United States Citizenship and Immigration Services ("USCIS"), United States Customs and Border Protection ("CBP"), and United States Immigration and Customs Enforcement ("ICE") (collectively "Defendants") have been served.

This Court has subject matter jurisdiction of this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

Defendants note that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 461, 475 (1994). The waiver in this case has only been asserted under FOIA, and no other provisions.

2. **FACTS**

**Plaintiffs' Statement of Facts**

Plaintiffs submitted four FOIA Requests to the Senior Director of FOIA Operations at the Department of Homeland Security ("DHS") on December 21, 2019. One request was directed to DHS; one to USCIS, one to CBP, and one to ICE. Plaintiffs sought records and data that reflect DHS's current policies and practices regarding the MPP Plaintiffs sought expedited processing of their Requests under 28 C.F.R. § 16.5(e) and 6 C.F.R. § 5.5(e). DHS received these Requests on January 24, 2020. On February 3 and 4, 2020, DHS transferred three of the Requests to FOIA Officers at USCIS, CBP, and ICE. Then, on February 5, 2020, DHS transferred 6 out of 7 topics from another request to USCIS and CBP.

Plaintiffs have received from USCIS an acknowledgment of receipt of Plaintiffs' FOIA requests and denial of Plaintiffs' expedited processing requests for both. Plaintiffs have received from CBP a

notice of a tracking number change, a denial of Plaintiffs' expedited processing request for the 6 separately transferred requests, and a fee waiver disposition. Plaintiffs have not received any correspondence or response from ICE.

**Defendants' Statement of Facts**

In response to Plaintiffs' FOIA requests, Defendants have commenced searches reasonably calculated to lead to all responsive documents and have also begun production of such documents. Defendants also refer the Court to Defendant's Answer and Affirmative Defenses filed on June 30, 2020.  Dkt. No. 20.

## 3. LEGAL ISSUES

**Plaintiffs' Statement**

The issues in this litigation are:

1) Whether Defendants have violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to properly respond within the time required;

2) Whether Defendants have violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to conduct an adequate search for responsive documents; and

3) Whether Defendants have violated the Freedom of Information Act, 5 U.S.C. § 552, by improperly withholding responsive records.

**Defendants' Statement**

In response to Plaintiffs' FOIA requests, Defendants have commenced searches reasonably calculated to lead to all responsive documents and has also commenced production of responsive documents.

## 4. MOTIONS

The defendant agencies have commenced production, and the parties do not believe motions need to be scheduled at this juncture.  The parties are also meeting and conferring about a possible narrowing of the search terms directed at Defendant CBP.  The parties reserve the right to file motions.

JOINT CASE MANAGEMENT STATEMENT
C-20-CV-03266 DMR

## 5. AMENDMENT OF PLEADINGS

Plaintiff filed a First Amended Complaint on June 16, 2020 (Dkt. No. 18) and Defendants filed an Answer on June 30, 2020 (Dkt. No. 20). The parties do not anticipate any further amendment to the pleadings.

## 6. EVIDENCE PRESERVATION

Defendants agree to preserve evidence relevant to the issues reasonably evident in this action, and the parties do not anticipate any issues related to evidence preservation.

## 7. DISCLOSURES

Both parties maintain that this case is likely to be decided on the administrative records, and as such is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(i).

## 8. DISCOVERY

Defendants maintain that discovery is typically inappropriate in FOIA cases and will object to any discovery requests. *See Lane v. Dept. of Interior*, 523 F.3d 1228, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case resolved around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

## 9. CLASS ACTIONS

N/A

## 10. RELATED CASES

There are no related cases or proceedings pending before another judge of this court or another court or administrative body.

## 11. RELIEF

Plaintiffs seek declaratory and injunctive relief.

JOINT CASE MANAGEMENT STATEMENT
C-20-CV-03266 DMR

Defendants seek a dismissal of the action with prejudice, and such other relief as may be appropriate.

## 12. SETTLEMENT AND ADR

The parties will work to resolve this matter expeditiously. If needed, the parties will request referral to a Magistrate Judge for settlement.

## 13. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have consented to a magistrate judge to conduct all further proceedings including trial and entry of judgment.

## 14. OTHER REFERENCES

N/A

## 15. NARROWING OF ISSUES

The parties expect any issues to be narrowed via Defendants' subsequent searches and production schedule, and via motions if necessary.

## 16. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this is the type of case that should be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

## 17. SCHEDULING

Given that Defendants are moving forward with production, the parties request deferral of any scheduling of motions.

## 18. TRIAL

Trials are not typical in FOIA cases, and the parties do not believe a trial will be necessary in this case.

JOINT CASE MANAGEMENT STATEMENT
C-20-CV-03266 DMR

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs are not aware of any non-party interested entities or persons.

Defendants are exempt from this requirement as a federal government entity.

**20. PROFESSIONAL CONDUCT**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER**

N/A.

Respectfully submitted,

Dated: November 25, 2020

                                              Respectfully submitted,

                                              DAVID L. ANDERSON
UNITED STATES ATTORNEY

                                               */s/ Julie Bibb Davis*
Julie Bibb Davis
Assistant United States Attorney
Attorneys for Defendants

                                               */s/ David P. Enzminger*
David P. Enzminger
John E. Schreiber
Morgan Stewart
Dillon Kellerman
Leah Romm
Nareeneh Sohbatian
WINSTON & STRAWN LLP

                                              Emily Creighton (appearing *pro hac vice*)
AMERICAN IMMIGRATION COUNCIL
Attorneys for Plaintiffs

JOINT CASE MANAGEMENT STATEMENT
C-20-CV-03266 DMR