STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

JULIE BIBB DAVIS (CABN 184957)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (415) 770-3857
   FAX: (510) 637-3724
   Julie.davis@usdoj.gov

Attorneys for Defendants

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN IMMIGRATION COUNCIL, AMERICAN IMMIGRATION LAWYERS ASSOCIATION, and HUMAN RIGHTS WATCH,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Defendants. | CASE NO. C-20-cv-03266-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE; [PROPOSED] ORDER**<br><br>Date: June 30, 2021<br>Judge: Hon. Donna M. Ryu<br>Time: 10:00 A.M.<br>Location: Remote |

The parties to the above-entitled action submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California, Judge Ryu's Standing Orders, and Civil Local Rule 16-9.

This case involves four FOIA Requests to Department of Homeland Security relating to its Migrant Protection Protocols ("MPP").  The parties previously submitted a Joint Case Management Statement on January 27, 2021.  However, on January 21, 2021, DHS suspended new enrollments in the MPP pending further review of the program. On February 11, 2021, DHS announced a plan to process into the United States certain individuals who had been returned to Mexico under MPP and have pending cases before the Executive Office for Immigration Review. On June 1, 2021, the Secretary of Homeland security made a determination that MPP be terminated.

In view of the termination of the MPP, Plaintiffs are evaluating these policy changes, but are not prepared at this time to make a determination about whether to voluntarily dismiss the suit. The parties are continuing to work out the production and will be discussing the direction of this litigation in the weeks to come.  Defendants have continued to make productions to Plaintiffs.  At this point the parties do not require judicial intervention.

The remainder of this Joint Case Management Statement tracks the representations and positions reflected in the parties' March 24, 2021 statement, which remains accurate. In light of the status of this litigation, the parties request that the Case Management Conference scheduled for June 30, 2021, at 10:00 a.m. be vacated and continued for ninety days.

1. **JURISDICTION & SERVICE**

Plaintiffs American Immigration Council, American Immigration Lawyers Association, and Human Rights Watch ("Plaintiffs") filed this action on May 13, 2020.  Dkt. No. 1.  Defendants United States Citizenship and Immigration Services ("USCIS"), United States Customs and Border Protection ("CBP"), and United States Immigration and Customs Enforcement ("ICE") (collectively "Defendants") have been served.

This Court has subject matter jurisdiction of this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

Defendants note that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 461, 475 (1994). The waiver in this case has only been asserted under FOIA, and no other provisions.

## 2. FACTS

**Plaintiffs' Statement of Facts**

Plaintiffs submitted four FOIA Requests to the Senior Director of FOIA Operations at the Department of Homeland Security ("DHS") on December 21, 2019. One request was directed to DHS; one to USCIS, one to CBP, and one to ICE. Plaintiffs sought records and data that reflect DHS's current policies and practices regarding the MPP Plaintiffs sought expedited processing of their Requests under 28 C.F.R. § 16.5(e) and 6 C.F.R. § 5.5(e). DHS received these Requests on January 24, 2020. On February 3 and 4, 2020, DHS transferred three of the Requests to FOIA Officers at USCIS, CBP, and ICE. Then, on February 5, 2020, DHS transferred 6 out of 7 topics from another request to USCIS and CBP.

Defendants began producing documents after this lawsuit was filed, and have continued to produce documents to Plaintiffs.

**Defendants' Statement of Facts**

In response to Plaintiffs' FOIA requests, Defendants have commenced searches reasonably calculated to lead to all responsive documents and have also begun production of such documents. Defendants also refer the Court to Defendant's Answer and Affirmative Defenses filed on June 30, 2020. Dkt. No. 20. Defendants have continued to produce responsive documents to Plaintiffs.

## 3. LEGAL ISSUES

**Plaintiffs' Statement**

The issues in this litigation are:

1) Whether Defendants have violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to properly respond within the time required;

2) Whether Defendants have violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to conduct an adequate search for responsive documents; and

3) Whether Defendants have violated the Freedom of Information Act, 5 U.S.C. § 552, by improperly withholding responsive records.

**Defendants' Statement**

In response to Plaintiffs' FOIA requests, Defendants have commenced searches reasonably calculated to lead to all responsive documents and have also commenced production of responsive documents.

## 4. MOTIONS

The defendant agencies have continued search of and production of documents, and the parties do not believe motions need to be scheduled at this juncture. The parties are also meeting and conferring about a possible narrowing of the search terms directed at Defendant CBP. The parties reserve the right to file motions.

## 5. AMENDMENT OF PLEADINGS

Plaintiff filed a First Amended Complaint on June 16, 2020 (Dkt. No. 18) and Defendants filed an Answer on June 30, 2020 (Dkt. No. 20). The parties do not anticipate any further amendment to the pleadings.

## 6. EVIDENCE PRESERVATION

Defendants agree to preserve evidence relevant to the issues reasonably evident in this action, and the parties do not anticipate any issues related to evidence preservation.

## 7. DISCLOSURES

Both parties maintain that this case is likely to be decided on the administrative records, and as such is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(i).

## 8. DISCOVERY

Defendants maintain that discovery is typically inappropriate in FOIA cases and will object to any discovery requests. *See Lane v. Dept. of Interior*, 523 F.3d 1228, 1134 (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case resolved around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) (citing *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

**9. CLASS ACTIONS**

N/A

**10. RELATED CASES**

There are no related cases or proceedings pending before another judge of this court or another court or administrative body.

**11. RELIEF**

Plaintiffs seek declaratory and injunctive relief.

Defendants seek a dismissal of the action with prejudice, and such other relief as may be appropriate.

**12. SETTLEMENT AND ADR**

The parties will work to resolve this matter expeditiously.  If needed, the parties will request referral to a Magistrate Judge for settlement.

**13. CONSENT TO A MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to a magistrate judge to conduct all further proceedings including trial and entry of judgment.

**14. OTHER REFERENCES**

N/A

**15. NARROWING OF ISSUES**

The parties expect any issues to be narrowed via Defendants' subsequent searches and production schedule, and via motions if necessary.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not believe that this is the type of case that should be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17. SCHEDULING**

Given that Defendants are moving forward with production, the parties request deferral of any scheduling of motions.

**18. TRIAL**

Trials are not typical in FOIA cases, and the parties do not believe a trial will be necessary in this case.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs are not aware of any non-party interested entities or persons.

Defendants are exempt from this requirement as a federal government entity.

**20. PROFESSIONAL CONDUCT**

Counsel for all parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: June 22, 2021    Respectfully submitted,

STEPHANIE M. HINDS
UNITED STATES ATTORNEY

 /s/ Julie Bibb Davis
Julie Bibb Davis
Assistant United States Attorney
Attorneys for Defendants

 /s/ David P. Enzminger
David P. Enzminger
John E. Schreiber
Morgan Stewart
Dillon Kellerman
Leah Romm
Nareeneh Sohbatian
WINSTON & STRAWN LLP

Emily Creighton (appearing *pro hac vice*)
AMERICAN IMMIGRATION COUNCIL
Attorneys for Plaintiffs

## ATTESTATION

I, David P. Enzminger, am the ECF User whose identification and login are being used to file this document,. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

*/s/ David P. Enzminger*
David P. Enzminger

JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE; [PROPOSED] ORDER
C-20-CV-03266 DMR

**[PROPOSED] ORDER**

Plaintiffs American Immigration Counsel, American Immigration Lawyers Association, and Human Rights Watch ("Plaintiffs") and Defendants United States Citizenship and Immigration Services, United States Customs and Border Protection, and United States Immigration and Customs Enforcement ("Defendants") filed a Joint Case Management Conference Statement ("Statement") on June 22, 2021, requesting that the Case Management Conference ("Conference") set for June 30, 2021, at 10:00 a.m. be vacated and continued. Having considered the request, and for good cause shown, the Court **GRANTS** the parties' request and **ORDERS** that the Conference be vacated and continued to  September 29, 2021 at 1:30 p.m.

**IT IS SO ORDERED.**

DATED: June __23__, 2021

_____
HON. DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE